UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In proceedings under |
| | ) | Chapter 9 |
| VILLAGE OF WASHINGTON PARK, | ) | |
| | ) | |
| Debtor. | ) | Bk. No. 09-31744 |

MEMORANDUM OF LAW
CONCERNING DEBTOR'S ELIGIBILITY FOR
RELIEF UNDER CHAPTER 9

ERIC JOELNER, FISH, INC., FREE SPEECH, INC. and FIRST AMENDMENT, INC. (collectively, "Creditors"), by and through their undersigned attorneys, state as follows:

### Introduction

The Debtor is not eligible for relief under Chapter 9. In order for a municipality to qualify as a Chapter 9 debtor, it must have explicit authorization to seek that relief under applicable state law. In the instant case, Illinois law, which governs this Debtor, does not provide the requisite authorization. That being the case, the Debtor's case should be dismissed.

### Discussion

Before a municipality, such as the Debtor here, can seek relief under the Bankruptcy Code, "if and only if such entity . . . is specifically authorized, in its capacity as a municipality or by name, to be a debtor under [Chapter9] by State law, or by a governmental officer or organization empowered by State law to

authorize such entity to be a debtor under such chapter . . ." 11 U.S.C. §109(c)(2). After notice and hearing, the Court can dismiss a Chapter 9 case if it finds that the filing was not authorized by appropriate State law.  11 U.S.C. §921(c).

The authorization contemplated under section 109(c)(2) must be "exact, plain, and direct with well-defined limits so that noting is left to inference or speculation." *In re Slocum Lake Drainage Dist. Of Lake County*, 336 B.R. 387 (Bankr. N.D. Ill. 2006), *quoting In re County of Orange,* 183 B.R. 594, 604 (Bankr. C.D. Cal. 1995).  Furthermore, "[t]he Debtor has the burden of proof to establish that it is eligible to be a debtor under Chapter 9." *In re Slocum Lake Drainage Dist. Of Lake County*, 336 B.R. at 390.  In that case, the Bankruptcy Court found that a municipal corporation had no authority to seek Chapter 9 relief because there was absolutely no authorization under Illinois law for it to do so.

The only provision of Illinois law that even hints at relief under Chapter 9 is the Local Government Financial Planning and Supervision Act (50 ILCS 320/1 *et seq*.).  Section 9 of that Act does not specifically authorize commencement of a Chapter 9 case, but, instead, permits a financial planning and supervision commission or a financial advisor to recommend filing a Chapter 9 case.  50 ILCS 320/9 (b)(4).  The commission contemplated under Section 9 can only be appointed by the Illinois governor.  50 ILCS 320/5.

The Debtor here has no authority to be a debtor under Chapter 9, and this case should be dismissed.  As the Court recognized in *Slocum Lake Drainage Dist. Of Lake County,* nothing in Illinois law permits a municipality to file a Chapter 9

case. Moreover, the only provision that addresses Chapter 9 contemplates only a recommendation, and does not purport to give the express authority required under section 109 of the Bankruptcy Code.

## Conclusion

For the foregoing reasons, the Court should find and determine that the Debtor has no authority to be a debtor under Chapter 9 of the Bankruptcy Code, and, accordingly, enter its Order dismissing this case.

Respectfully submitted,

THE KUNIN LAW OFFICES, LLC

By: /s/ Steven M. Wallace
_____
Steven M. Wallace -#06198917
412 Missouri Avenue
East St. Louis, IL 62201
(618) 274-0434
Fax: (618) 274-8369
Email: swallace@kuninlaw.com

Counsel to Eric Joelner, Fish, Inc., Free Speech, Inc., and First Amendment, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served this 14th day of December, 2010, on all persons on the Court's CM/ECF notice list.

/s/ Steven M. Wallace
_____